# In the United States Court of Federal Claims

No. 25-1929C

(Filed:  July 7, 2026)

|  |  |
|---|---|
| WINSTON V. EDMONDS, <br><br> *Plaintiff,* <br><br> v. <br><br> THE UNITED STATES, <br><br> *Defendant.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

*SOLOMSON*, Chief Judge.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

On November 12, 2025, *pro se* Plaintiff, Winston Veodust Edmonds — currently incarcerated in Arizona state prison — filed a complaint in this Court, against Defendant, the United States.  ECF No. 1.  Mr. Edmonds seeks damages in the amount of $400,000 for "wrongful conviction and imprisonment," 28 U.S.C. § 2513.  *Id.* at 2.  Mr. Edmonds's claim stems from a criminal conviction under Arizona law, in Arizona state court, which Mr. Edmonds alleges was set aside by a Commissioner of the Arizona Superior Court. *See* ECF No. 1-1 ("Pl. Ex.") at 1-2.

Because Mr. Edmonds failed to transmit the required filing fee with his complaint, *see* 28 U.S.C. § 1914, that same day, the Clerk's office transmitted a notice to Mr. Edmonds, explaining that to proceed with a civil action in this Court a plaintiff must either pay

---

[1] This Court assumes all facts alleged in Mr. Edmonds's complaint (including its attachments) are true for purposes of evaluating his complaint pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").  *Muhammad v. United States*, 2022 WL 2347985, at *1 (Fed. Cl. June 29, 2022) (assuming all factual allegations in plaintiff's complaint were true in evaluating, and ultimately disposing of, plaintiff's complaint pursuant to RCFC 12(h)(3)).

$405.00 in fees, or — where appropriate — request authorization to proceed without prepayment of fees by submitting a signed application to proceed *in forma pauperis* ("IFP").  *See* ECF No. 4;  28 U.S.C. §§ 1914, 1915.  The Clerk's notice cautioned Mr. Edmonds that "[i]f the proper fee or motion is not received, this case may be subject to dismissal."  ECF No. 4.

Separately, on December 30, 2025, this Court ordered Mr. Edmonds to show cause why this Court should not: (1) dismiss his complaint, *sua sponte*, for lack of subject matter jurisdiction, pursuant to RCFC 12(h)(3);[2] and (2) impose an anti-filing injunction against him, restricting any future filings by Mr. Edmonds in this Court without leave from the undersigned.  ECF No. 6 at 3.  That order stemmed from Mr. Edmonds's pattern of litigation in this Court: "Mr. Edmonds [had] previously filed substantially similar claims in this Court on at least three occasions. And, in each case, this Court justifiably dismissed Mr. Edmonds's complaint, *inter alia*, for lack of jurisdiction pursuant to [RCFC 12(b)(1)]." *Id.* at 1-2 (citations omitted).  The order further acknowledged the separate filing fee issue. *Id.* at 3 n.3.  Explaining how "Mr. Edmonds ha[d] forfeited his ability to proceed [IFP], 28 U.S.C. § 1915(g)," pursuant to the "three strikes rule," this Court ordered Mr. Edmonds to pay the required filing fee.  *Id.*

This Court initially gave Mr. Edmonds until February 6, 2026, to pay the filing fee and respond to the order to show cause.  ECF No. 6 at 3.  This Court further cautioned Mr. Edmonds that a failure to comply with the order to show cause also may subject him to an anti-filing injunction.  *Id.* at 3.  Finally, the order stayed all proceedings in this action. *Id.*

Thereafter, on January 16, 2026, Mr. Edmonds filed a motion for an extension of time to respond to the Clerk's notice, ECF No. 4, pertaining to the filing fee issue. ECF No. 8.  Mr. Edmonds explained that he was "undergoing transitions from prison to prison," and was therefore "unsure how long he may be unable" to respond to the Clerk's notice.  *Id.* at 2.  Mr. Edmonds further indicated his intention to file an IFP application. *Id.*[3]  On January 20, 2026, this Court denied Mr. Edmonds's motion, again explaining that Mr. Edmonds could not proceed on an IFP basis.  ECF No. 9 at 2.  Considering Mr. Edmonds's putative prison-transition predicament, however, this Court provided Mr.

---

[2] *See* RCFC 12(h)(3) (requiring that, in the absence of subject-matter jurisdiction, this Court "must dismiss the action").

[3] Mr. Edmonds's motion, however, made no reference to this Court's order to show cause, ECF No. 6.

Edmonds with an additional 60 days, until April 7, 2026, within which to tender the required fee *and* respond to this Court's order to show cause, ECF No. 6. ECF No. 9 at 2-3. This Court once again cautioned that a failure to comply with the order to show cause, ECF No. 6, may subject Mr. Edmonds to an anti-filing injunction. ECF No. 9 at 3.

On April 21, 2026 — two weeks after Mr. Edmonds's response to the order to show cause was due — this Court received Mr. Edmonds's response brief, ECF No. 11 ("Pl. Resp.").[4] That same day, Mr. Edmonds also filed motions to appoint counsel, ECF No. 13, and to transfer the case to a federal district court, ECF No. 15.

For the reasons explained below, this Court: **(1)** dismisses Mr. Edmonds's complaint, *sua sponte*, for lack of subject matter jurisdiction, pursuant to RCFC 12(h)(3); **(2)** in the alternative, dismisses Mr. Edmonds's complaint for failure to pay the required filing fee, pursuant to RCFC 41(b); **(3)** denies Mr. Edmonds's motions to appoint counsel; **(4)** denies Mr. Edmonds's motion to transfer this case; and **(5)** imposes an anti-filing injunction against Mr. Edmonds, restricting any future filings by Mr. Edmonds in this Court without leave from the undersigned.

## II.   DISCUSSION

### A. This Court Lacks Subject Matter Jurisdiction Over Mr. Edmonds's Complaint

Section 1495 of Title 28 of the United States Code provides: "The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. "Section 2513 then specifies what a plaintiff must demonstrate to prevail under section 1495." *Jackson v. United States*, 162 Fed. Cl. 282, 297 (2022) (citing 28 U.S.C. § 2513(a)). Among other things, 28 U.S.C. § 2513 requires a claimant to allege and prove that "[h]is conviction has been . . . set aside." 28 U.S.C. § 2513.

---

[4] While the Clerk's office received Mr. Edmonds's response to the order to show cause on April 21, 2026, his response brief was signed, and dated, March 31, 2026 (prior to when his response was due). *See* Pl. Resp. at 12. Mr. Edmonds's *late-filed* response brief was filed on May 12, 2026, by leave of the undersigned.

A fatal flaw with Mr. Edmonds's unjust conviction claim is that he was convicted under Arizona law.  This Court does not have jurisdiction pursuant to 28 U.S.C. § 1495 to decide claims concerning unjust convictions in state court.  *See* 28 U.S.C. § 1495 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense ***against the United States***." (emphasis added)); *Nyabwa v. United States*, 696 F. App'x 493, 494 (Fed. Cir. 2017) ("The statutory term 'offense against the United States' refers to offenses defined by substantive federal criminal statutes." (quoting 28 U.S.C. § 1495)).  Simply put, "[a] conviction under Arizona law [] — even if unjust —  is not a conviction for 'an offense against the United States.'"  *Edmonds v. United States*, 2021 WL 71547, at *2 (Fed. Cl. Jan. 7, 2021) (quoting 28 U.S.C. § 1495).  Nor does this Court possess jurisdiction to decide claims based upon state court convictions generally. *Cochrun v. United States*, 621 F. App'x 655, 656 (Fed. Cir. 2015) ("[T]he Claims Court does not have the jurisdiction to review state court convictions." (citation omitted)).

This Court holds a *pro se* plaintiff's pleadings to "less stringent standards."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  Nevertheless, "even *pro se* plaintiffs must persuade the court that jurisdictional requirements have been met." *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019).

As discussed above, Mr. Edmonds's complaint lacks *any* factual allegations that amount to a claim within this Court's jurisdiction.  Mr. Edmonds's response to the order to show cause, ECF No. 6, fares no better and does not address, let alone cure, the jurisdictional issue.  In his response brief, Pl. Resp., Mr. Edmonds invokes, among other things: Federal Rule of Evidence 501, Pl. Resp. at 1, 2, 5, 9; the Rules of Decision Act, 28 U.S.C. § 1652, Pl. Resp. at 5, 10; and Arizona Senate Bill 1500, Pl. Resp. at 1, 3, 6, 9.  But none of those authorities confer jurisdiction upon this Court pursuant to the unjust conviction statute or otherwise constitute a money-mandating source of law enforceable against the United States.[5]  Accordingly, this Court must dismiss Mr. Edmonds's

---

[5] Aside from specific statutes explicitly conferring jurisdiction on this Court, such as 28 U.S.C. § 1495, assuming the United States is properly named as the defendant, the Tucker Act, 28 U.S.C. § 1491(a)(1), provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004).  The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).  Instead, "[a] plaintiff must identify a separate source of substantive law that creates the right to money damages. *United States v. Mitchell*, 463 U.S. 206, 216 (1983).  For

complaint, *sua sponte*, for lack of subject matter jurisdiction, pursuant to RCFC 12(h)(3). *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*."); *Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (*sua sponte* dismissal for lack of subject matter jurisdiction).

### B. Alternatively, Mr. Edmonds's Complaint Must be Dismissed for Failing to Pay the Required Filing Fee

To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees — a $350.00 filing fee plus a $55.00 administrative fee — or request authorization to proceed without prepayment of fees by submitting a signed application to proceed IFP. *See* 28 U.S.C. §§ 1914, 1915.

As this Court previously explained, *see* ECF Nos. 6, 9, Mr. Edmonds forfeited his ability to proceed IFP, 28 U.S.C. § 1915(g). That section provides that a prisoner cannot proceed IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g). This rule is commonly known as the "three strikes rule." *See, e.g., Bess v. United States*, 145 Fed. Cl. 484, 489 (2019). Section 1915(g) carves out an exception to the three strikes rule, however, if the "prisoner is under imminent danger of serious physical harm." 28 U.S.C. § 1915(g).

The undersigned, once before — in a completely separate case — denied Mr. Edmonds's motion to proceed IFP pursuant to the three strikes rule. *See Edmonds*, 2021 WL 71547, at *2 (denying Mr. Edmonds's motion to proceed IFP because "Mr. Edmonds ha[d] filed numerous actions in the United States District Court for the District of Arizona, including at least four cases that ha[d] been dismissed *for failure to state a claim*," and because "Mr. Edmonds ha[d] not alleged facts showing that he [was] in imminent threat of serious physical injury that would satisfy the 'imminent danger' exception to the three strikes rule" (citations omitted (emphasis added))). There is no reason for this case to be treated differently.

---

"money-mandating" claims, a plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009, 178 Ct. Cl. 599 (Ct. Cl. 1967). That is, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *Mitchell*, 463 U.S. at 216.

In this matter, this Court instructed Mr. Edmonds to pay the required filing fee not once, not twice, but thrice. *See* ECF No. 4 (Clerk's Notice); ECF No. 6 at 3 n.3 (Order to Show Cause); ECF No. 9 at 2-3 (Order). This Court explained to Mr. Edmonds how he fortified his ability to proceed IFP. ECF No. 6 at 3. n.3; EC No. 9 at 2. To date, however, Mr. Edmonds has yet to pay the requisite fee. Accordingly, this Court in the alternative dismisses Mr. Edmonds's complaint pursuant to RCFC 41(b). *See* RCFC 41(b) ("If the plaintiff fails to . . . comply with these rules or a court order, the court may dismiss [the action] on its own motion . . . ."); *Bryant v. United States*, 618 F. App'x 683, 686 (Fed. Cir. 2015) ("If a party fails to pay the requisite filing fee, despite adequate notice and ample opportunity to do so, the Claims Court acts within its discretion when it dismisses the action [pursuant to RCFC 41(b)]." (citation omitted)); *Cassaday v. United States*, 2024 WL 4554022, at *1 (Fed. Cir. Oct. 23, 2024) ("[T]he Court of Federal Claims acted well within its discretion in dismissing the action [pursuant to RCFC 41(b),] after notifying [plaintiff] and giving him several weeks to pay" the requisite filing fee (citing *Bryant,* 618 F. App'x at 683)).

### C. This Court Denies Mr. Edmonds's Motions to Appoint Counsel as Moot

Having found that this Court lacks subject matter jurisdiction over Mr. Edmonds's complaint, this Court denies Mr. Edmonds's motion to appoint counsel, ECF No. 13, as moot. *See, e.g.*, *Reyna v. United States*, 2022 WL 17346196, at *5 (Fed. Cl. Nov. 30, 2022) ("Plaintiff has also filed a Motion to Appoint Counsel. . . . Because this Court finds that it lacks jurisdiction over any of Plaintiff's claims, that motion is denied as moot.").

### D. This Court Denies Mr. Edmonds's Motion to Transfer This Case to a United States District Court

Pursuant to 28 U.S.C. § 1631, this Court may, in certain instances, transfer a case over which this Court lacks jurisdiction. Our appellate court, the United States Court of Appeals for the Federal Circuit, reads 28 U.S.C. § 1631 as requiring a three-prong analysis. Specifically, "transfer is appropriate if (1) the transferor court lacks jurisdiction; (2) the action could have been brought in the transferee court at the time it was filed; and (3) transfer is in the interest of justice." *Zoltek Corp. v. United States*, 672 F.3d 1309, 1314 (Fed. Cir. 2012) (discussing 28 U.S.C. § 1631).

Here, although this Court lacks jurisdiction over Mr. Edmonds's complaint, *see supra*, because Mr. Edmonds's unjust conviction claim could *not* have been brought in the

transferee court (*i.e.*, a federal district court), transfer pursuant to 28 U.S.C. § 1631 would be improper.   In that regard, 28 U.S.C. § 1495 provides this Court with *exclusive* jurisdiction over unjust conviction claims pursuant to that statute. *See* 28 U.S.C. § 1631; *Channer v. Murray*, 247 F. Supp. 2d 182, 185 (D. Conn. 2003) ("The plain language of 28 U.S.C. § 1495 indicates that relief must be sought in the United States Court of Federal Claims. The legislative history of 28 U.S.C. § 1495 also suggests that Congress intended the Court of Federal Claims to have exclusive jurisdiction over claims brought for unjust conviction and imprisonment." (citing *Calloway v. United States*, 431 F. Supp. 1111, 1113–14 (E.D. Okla. 1977))).

### E.  The Imposition of an Anti-Filing Injunction is Warranted

Mr. Edmonds — by repeatedly filing frivolous claims in this Court — has abused the judicial process and this Court's limited resources.  As this Court detailed in its order to show cause, ECF No. 6, Mr. Edmonds previously filed substantially similar claims in this Court on at least three occasions.  And, in each case, this Court justifiably dismissed Mr. Edmonds's complaint for lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1).  *See* Fed. Cl. Case No. 18-563 (ECF No. 18) (Williams, J.), *appeal dismissed*, Fed. Cir. No. 2019-1229; *Edmonds*, 2021 WL 71547, at *2 (Solomson, J.); Fed. Cl. Case No. 21-1081 (ECF No. 7) (Hertling, J.).

This Court accordingly imposes an anti-filing injunction against Mr. Edmonds, restricting any future filings by Mr. Edmonds in this Court without leave from the undersigned.  As discussed in detail below, Federal Circuit precedent supports the imposition of such an injunction against Mr. Edmonds here.

While courts are hesitant to impose anti-filing injunctions against *pro se* litigants, like Mr. Edmonds, the Federal Circuit has upheld the trial court's imposition of such a limited injunction in a very similar case.  In *O'Diah v. United States*, the Federal Circuit upheld the trial court's imposition of an anti-filing injunction against a *pro se* litigant, on his "fourth Claims Court action making largely the same allegations [as in his three prior complaints]."  722 F. App'x 1001, 1002, 1004 (Fed. Cir. 2018).  While acknowledging that "[c]ourts are particularly cautious about imposing sanctions on a *pro se* litigant, whose improper conduct may be attributed to ignorance of the law and proper procedures," citing *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1582 (Fed. Cir. 1991), the Federal Circuit explained that it has previously imposed "anti-filing sanctions where a *pro se* litigant has engaged in repeated and frivolous lawsuits."  *O'Diah*, 722 F. App'x at 1004 (citing *Bergman*

*v. Dep't of Commerce*, 3 F.3d 432, 435 (Fed. Cir. 1993)).  "Such an injunction . . . protect[s] judicial resources while ensuring that the courthouse doors are open to [a *pro se* litigant] should he one day seek to assert other claims that do fall within the Claims Court's jurisdiction."  *O'Diah*, 722 F. App'x at 1004.

In *Allen v. United States*, however, the Federal Circuit, held that "before a trial court may impose an anti-filing injunction, the litigant must be provided with notice that such a sanction is being considered and an opportunity to be heard on the question of whether it should be imposed."  88 F.4th 983, 988 (Fed. Cir. 2023).  The Federal Circuit explained that "[i]t is well-settled that access to federal courts is a fundamental right, which cannot be infringed without compliance with due process."  *Allen*, 88 F.4th at 987 (citing *Chambers v. Baltimore & Ohio R.R. Co.*, 207 U.S. 142, 148 (1907)).  Thus, while "[f]ederal courts have inherent power to sanction bad-faith conduct, . . . . 'it must comply with the mandates of due process.'"  *Allen*, 88 F.4th at 987 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 50 (1991)).[6]  "Due process requires, at minimum, that 'deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.'"  *Allen*, 88 F.4th at 987 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950)).

As the federal instructed in *Allen*, this Court provided Mr. Edmonds with notice that this Court was considering the imposition of an anti-filing injunction against him, and provided him with an opportunity to be heard on the issue.  *See* ECF No. 6 at 3.  In response to that show cause order, however, Mr. Edmonds simply reasserts his underlying (meritless) claim; he offers no explanation whatsoever for his pattern of repetitive, frivolous litigation.  While due process requires that a litigant be given the *opportunity* to be heard, the fact that a plaintiff does not respond in a coherent manner does not preclude this Court from entering an anti-filing injunction.

Just as in *O'Diah,* then, this Court imposes an anti-filing injunction against Mr. Edmonds based on his cumulative frivolous filings in this Court; this new case is based on the same frivolous allegations as in his three prior complaints.  Enough is enough. *O'Diah*, 722 F. App'x at 1002, 1004; *see also Podlucky v. United States*, 2024 WL 4479829, at

---

[6] *See also Arunachalam v. Int'l Bus. Machines Corp.*, 2024 WL 2105546, at *3 (Fed. Cir. May 10, 2024) ("[Although] federal courts have the inherent power to issue injunctions against the abuse of the judicial process, including by the repeated filing of meritless and vexatious pleadings . . . [t]he party to be enjoined must be given notice of the injunction and an opportunity to be heard." (citing *Allen*, 88 F.4th at 986-88)), *cert. denied*, 145 S. Ct. 1330 (2025).

*2 (Fed. Cl. Sept. 27, 2024) (imposing anti-filing injunction against plaintiff, given plaintiff's response did "not address why the anti-filing injunction should not be enforced against [him,] . . . d[id] [not] address his history of 'frivolous litigiousness' in this Court, and [did not address] his well-documented penchant to continue to file suits 'without any consideration of the jurisdiction of [this Court].'" (quoting *Allen*, 88 F.4th at 985)), *aff'd*, 2025 WL 325991 (Fed. Cir. Jan. 29, 2025).

## III.   CONCLUSION

For the foregoing reasons, Mr. Edmonds's complaint, ECF No. 1, is **DISMISSED**, *sua sponte*, for lack of subject matter jurisdiction, pursuant to RCFC 12(h)(3).  In the alternative, Mr. Edmonds's complaint, ECF No. 1, is **DISMISSED** for failure to pay the required filing fee, pursuant to RCFC 41(b).  Moreover, Mr. Edmonds's motion to appoint counsel, ECF No. 13, is **DENIED** as **MOOT**.  Mr. Edmonds's motion to transfer this case, ECF No. 15, is also hereby **DENIED.**

Additionally, Mr. Edmonds is **ENJOINED** from making any future filings in this Court, including from filing new complaints, without **LEAVE** from the undersigned; the Clerk shall **REJECT** all future filings from Mr. Edmonds unless filed by leave of the Chief Judge.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Chief Judge

9